IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE GEORGE HASH,           )   No. C 05-2438 MMC
                                )
           Plaintiff,            )   **ORDER OF DISMISSAL**
                                )
    v.                          )
                                )
CALIFORNIA DEPARTMENT           )
OF CORRECTIONS, et al.,         )
                                )
           Defendants.           )
_____

Lawrence Hash, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, against California prison officials. In a separate order, plaintiff has been granted leave to proceed in forma pauperis. Plaintiff alleges that a prison guard, Officer B. Thornberry ("Thornberry"), for reasons of animosity towards plaintiff, intentionally confiscated plaintiff's personal property while conducting a cell search. Plaintiff further alleges that the property has not been returned to him. According to plaintiff, the confiscation and failure to return the property to him violates both prison procedures and state law.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff's claim that prison officials improperly deprived him of his personal property does not state a cognizable claim for a constitutional violation.  Plaintiff alleges that the confiscation and failure to return his property violates state law and prison regulations.  As explained above, to state a claim under § 1983, plaintiff must allege the violation of *federal* law.  The federal right to due process does ordinarily require notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest.  See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978).  Plaintiff does not allege that he was not provided a hearing or notice, however.  As a consequence his complaint does not state a cognizable claim for relief under § 1983.

Even if plaintiff could amend his complaint to state in good faith that he was deprived of adequate notice and an opportunity to be heard, such amendment would not state a due process claim in this case, because the deprivation of plaintiff's property, as alleged in the complaint, was random and unauthorized.  Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized.  See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (finding no claim where state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding no claim for intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128 (1990); King v. Massarweh, 782 F.2d 825, 826

(9th Cir. 1986). California law provides such adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Here, as noted, the deprivation of plaintiff's personal property was random and unauthorized, as plaintiff alleges that it was done out of animosity and in order to harass him, and that it was not authorized by state law or part of any official prison procedure. Plaintiff may follow state law procedures for bringing a tort claim in state court against state officials for depriving him of his personal property. Such a claim, however, does not, even if amended as stated above, state a cognizable claim for relief under federal law.

## CONCLUSION

For the reasons expressed, plaintiff's claims are DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED: October 18, 2005

MAXINE M. CHESNEY
United States District Judge